UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ADNAN ABUZANAT,

    Petitioner,

v.

R.L. MORRISON, Warden,

    Respondent.

Civil No. 06-0404 (RHK/JSM)

**REPORT AND RECOMMENDATION**

---

JANIE S. MAYERON, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that the Bureau of Prisons ("BOP") has wrongly determined his Residential Reentry Center ("RRC")[1] placement date. Petitioner requests that the BOP reevaluate his RRC placement eligibility based 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. §§ 570.20 and 570.21. Respondent has filed a supplemental response to the Petition stating that it has changed its policy regarding RRC placement and does not oppose the Petition to the extent it seeks BOP reconsideration of the date on which the Petitioner should be assigned to a RRC without regard to §§ 570.20 and 570.21. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court concludes that this Petition should be granted.

---

[1] Until recently, RRCs were known as Community Corrections Centers ("CCC"s) and commonly referred to as halfway houses.

The Petitioner is imprisoned at the Federal Prison Camp in Duluth, Minnesota. He is serving a 12-month and 1-day sentence imposed by Judge Ann Montgomery in the United States District Court for the District of Minnesota. Declaration of Ann Kinyon at ¶ 3. The Petitioner has a projected release date of October 16, 2006. Id. The Government states that because the Petitioner's sentence is only one year, he should not require much release preparation. Id. at ¶ 5. The Government has not yet made a final decision regarding his RRC placement, but, under §§ 570.20 and .21, the earliest Petitioner would be eligible for a RRC placement is September 16, 2006. Id. at ¶ 4.

At issue in this case, is the propriety of regulations enacted by the BOP to address the transfer of inmates to RRCs or home confinement prior to release from custody from prison.

18 U.S.C. § 3624(c) states:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last ten per centum of the term to be served under conditions that will afford the Prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

18 U.S.C. § 3621(b) directs the BOP to consider the following factors in determining whether to place an inmate in a RRC or in home confinement:

1) the resources of the facility contemplated;
2) the nature and circumstances of the offense;
3) the history and characteristics of the prisoner;
4) any statement by the court that imposed the sentence –
   A. concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
   B. recommending a type of penal or corrections facility as appropriate; and

> 5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28.

On February 14, 2005, the BOP adopted 28 C.F.R. §§ 570.20 and 570.21, which categorically limited an inmate's eligibility for pre-release to community confinement during the last ten percent of the prison sentence being served, not to exceed six months.

On April 6, 2006, the Eighth Circuit declared §§ 570.20 and .21 invalid and in conflict with § 3621(b).  Fults v. Sanders, 442 F.3d 1088, 1092 (8th Cir. 2006).  The Eighth Circuit held that the BOP may not categorically determine the amount of time that a prisoner will be allowed to spend in community confinement, but in order to comply with § 3621(b), must instead exercise its discretion on a case-by-case basis and consider the particular circumstances of the individual prisoner.

In light of the Fults decision, the BOP has acknowledged that it has changed its position in the Eighth Circuit.  Gov't Supp. Resp. at 2.  In this regard, the Government asserts that the BOP no longer follows §§ 570.20 and 570.21, and instead adheres to the BOP's pre-2002 guidelines, as set forth in Program Statement 7310.04, *Community Corrections Center (CCC) Utilization and Transfer Procedures*, December 16, 1998.  Id. According to the Government, Program Statement 7310.04 allows for direct commitment to a RRC and does not limit RRC placement to six months or ten percent of the sentence, which ever is less.  Id.  In addition, Program Statement 7310.04 bases the RRC determination on a number of individualized factors.  Id. citing Program Statement 7310.04 at 7-8.

As a result of the changes made to BOP's policy, the Government has stated that it does not oppose the instant Petition to the extent that it seeks BOP reconsideration of

the date on which the Petitioner should be assigned to a RRC without regard to §§ 570.20 and .21.  Gov't Supp. Resp. at 2.  Therefore, the Petitioner's assignment to a RRC should be considered by the BOP in light of the criteria set forth in 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. §§ 570.20 and .21.

**RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

The Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be GRANTED.  In the event that the District Court grants relief as recommended herein, the Bureau of Prisons should be directed to immediately conduct an individualized review of petitioner's RRC eligibility in light of the criteria set forth in 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. §§ 570.20 and .21.

Dated:  July 27, 2006

s/     *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 14, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.